NOT FOR PUBLICATION                                    [Docket No. 23]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CARMEN SAMPSON,

        Plaintiff,

   v.                                    Civil No. 05-4975(RMB)

CENTER FOR FAMILY GUIDANCE, et           **OPINION**
al.,

        Defendants.


Appearances:

Joseph M. Marrone, Jr., Esq.
Law Office of Joseph M. Marrone
1525 Locust Street
12th Floor
Philadelphia, PA 19102
    Attorney for Plaintiff, Carmen Sampson

Thomas J. Decker, Esq.
Decker & Magaw
507 Westfield Avenue
Westfield, NJ 07090
    Attorneys for Defendant, CFG Health Systems, LLC

**BUMB**, United States District Judge:

**Factual Background:**[1]

---

[1] Plaintiff did not respond to the Defendant's Rule 56.1 Statement and failed to submit a separate Rule 56.1 statement. Rule 56.1 provides that "on a motion for summary judgment, each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1.  Further, "[u]nder L. Civ. R. 56.1, facts submitted in the statement of material facts which remain uncontested by the

As a result of a parole violation, Plaintiff, Carmen Sampson, arrived at the Camden County Correction Facility (CCCF) on January 31, 2005. Def.'s Rule 56.1 at ¶ 1. On February 6, 2005, the Plaintiff sustained an injury to her right foot when she was attempting to come off the top bunk. Id. at ¶ 2. The Plaintiff was then transported to the medical unit of the jail, where the nursing staff noted that she presented "severe pain in the foot, swelling & pain over the 5th metatarsal." Id. at ¶¶ 3 & 4. They also noticed a reduced range of motion of the ankle and its inability to bear weight. Id. As a result, the Plaintiff's foot was placed in an ankle support. Id. In addition, she was given ice, a prescription for 600 mg Motrin, and x-rays were ordered. Id. Three days later, the x-rays of Ms. Sampson's ankle showed that she suffered a "fracture of the fifth metatarsal and medial malleolus." Id. at ¶ 5.

On February 25, 2005, the Plaintiff was referred for an

---

opposing party are deemed admitted." Hill v. Algor, 85 F. Supp. 2d 391, 408 n.26 (D.N.J. 2000). Finally, "[o]ther courts in this District have held that, where the non-moving party had not submitted a Rule 56.1 statement, the court treated facts in the moving party's Rule 56.1 statement as admitted 'unless controverted in [the non-moving party's] briefs or contradicted by the evidence,' or when such facts are 'backed up by evidence.'" Rosenberg v. JCA Assocs., 2007 U.S. Dist. LEXIS 23570 at * 30-31 (D.N.J. citing Mar. 30. 2007)(internal citations omitted). Therefore, all facts contained in Defendants' Rule 56.1 statement will be deemed admitted if they are supported by evidence and not contradicted in Plaintiff's opposing evidence. Notably, Plaintiff has also failed to provide this Court with any exhibits in opposition to this motion.

orthopedic consult. Id. at ¶ 7. The Plaintiff was taken to see Dr. Ralph Franks, D.O., at the Cooper University Hospital. Id. Dr. Franks placed Ms. Sampson's right foot in a short leg cast, instructed her not to put weight on the ankle and to return to see him in one week. Id. On March 16, 2005, Ms. Sampson returned to see Dr. Franks. Id. at ¶ 8. During the examination, Dr. Franks observed that Ms. Sampson had good range of motion in her non-casted toes, but he also noted "that radiographically she has not progressed." Id.

On May 2, 2005, Dr. Franks re-casted the Plaintiff's leg. Id. at ¶ 9. He had also discussed and agreed with Ms. Sampson on moving to an operative option for treatment. Id. On May 10, 2005, Ms. Sampson met with Dr. Franks' partner, Dr. Castro. Id. at ¶ 10. After speaking with the medical director of CCCF, Dr. Castro went ahead and scheduled surgery for the plaintiff. Id. At the end of May 2005, Ms. Sampson underwent surgery and was instructed to follow-up in a few weeks. Id. at ¶ 11.

On July 5, 2005, Ms. Sampson was released from CCCF's custody. Id. at ¶ 12. She went to Dr. Castro for an evaluation on July 25, 2005. Id. at ¶ 13. She again visited Dr. Castro on September 26, 2005, and Dr. Castro noted that the incision was well-healed and the fifth metatarsal had absolute stability. Id. at ¶ 14. He also indicated that Ms. Sampson could function without restriction and indicated that the "forefoot pain should

resolve relatively quickly if the patient would be compliant with stretching and physical therapy." Id.

On or about October 31, 2005, Ms. Sampson filed a three count Complaint in this Court. Count One of the Complaint asserts a common law negligence claim, Count Two sets forth a claim for deliberate indifference in violation of Plaintiff's Eighth Amendment rights and a claim for unnecessary and wanton infliction of pain in violation of the Fourteenth Amendment, and Count Three avers, generally, a conspiracy to violate Plaintiff's Eighth and Fourteenth Amendment rights without reference to any specific statute.

In the Complaint, the following parties were named as Defendants: County of Camden, City of Camden, Camden County Correctional Facility (CCCF), Camden County Department of Corrections, Prison Health Services, Inc., Correctional Health Services, Inc., Center for Family Guidance, Eric Taylor, Lieutenant Barr, Officer Fields, Officer Webster, John Doe 1-15, and Richard Roe 1-25. Since the filing of the Plaintiff's Complaint, all Defendants, with the exception of CFG Health Systems, LLC, (hereinafter "CFG"), improperly pled as the Center for Family Guidance, have been dismissed from this action via Stipulation of Dismissal. CFG has moved for summary judgment.

**Applicable Standard:**

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Hersh v. Allen Products Co.</u>, 789 F.2d 230, 232 (3d Cir. 1986). "In making this determination, a court must make all reasonable inferences in favor of the non-movant." <u>Oscar Mayer Corp. v. Mincing Trading Corp.</u>, 744 F. Supp. 79, 81 (D.N.J. 1990) (citing <u>Meyer v. Riegel Prods. Corp.</u>, 720 F.2d 303, 307 n.2 (3d Cir. 1983)). "At the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**Discussion:**

The gravamen of Plaintiff's Complaint is that she did not receive proper medical care for her injury and that she was "denied a bed for seven days, and was forced to walk on a broken foot with no cast for three weeks." (Pl.'s Br. at 3). Because Plaintiff has failed to demonstrate any triable issues of fact, however, Defendant's motion for summary judgment shall be granted.

<u>a) Fourteenth Amendment Allegations</u>

5

As an initial matter, Plaintiff's Complaint brings claims for wanton infliction of pain pursuant to both the Eighth and Fourteenth Amendments. In Plaintiff's brief in opposition to Defendant's motion, Plaintiff only argues that Plaintiff's Eighth Amendment rights were violated - thus apparently abandoning her Fourteenth Amendment assertions. However, even if Plaintiff has not abandoned said Fourteenth Amendment averments, this Court notes that Plaintiff's only recourse is the Eighth Amendment; claims for cruel and unusual punishment are only brought pursuant to the Fourteenth Amendment for pre-trial detainees. Hubbard v. Taylor, 399 F.3d 150, 158 n.13 (3d Cir. 2005). It is undisputed that Plaintiff was incarcerated at the time of the alleged incident. Thus, Plaintiff's Fourteenth Amendment assertions do not survive.[2]

### b)   CFG's Entity Status

CFG readily concedes that, even though it is a private entity, it can be held liable as a state actor under Section 1983. (Def.'s Br. at 5). It argues, however, that in order to be held liable, Plaintiff must set forth evidence of a policy or custom that resulted in the alleged violation because only the

---

[2] The Court also notes that to the extent that Plaintiff might be alleging a separate Fourteenth Amendment due process claim in her Complaint, that claim appears to have been abandoned - there is no discussion of this claim in Plaintiff's papers. Moreover, Plaintiff's Complaint fails to allege any property or liberty interest that she was allegedly deprived of by CFG.

CFG entity is named, not any individual employees or staff thereof.  Plaintiff fails to adequately respond to CFG's argument, instead, Plaintiff spends pages arguing that an entity like CFG can be held liable - a point CFG readily conceded in its moving papers.  Moreover, Plaintiff argues that <u>West v. Atkins</u>, 487 U.S. 42 (1988), stands for the proposition that an entity like CFG can be held liable even though "Plaintiff cannot prove a custom." (Pl.'s Br. at 6).  Plaintiff's citation is inapposite to the central issue here; <u>West</u> involved claims against an individual physician, not an entity, and the question resolved by <u>West</u> was whether "a physician who is under contract with the State to provide medical services to inmates at a state-prison hospital on a part-time basis acts 'under color of state law[.]'" <u>Id.</u> at 43.

Moreover, Plaintiff's argument is unsupported - a private corporation performing a municipal function may not be held vicariously liable under 42 U.S.C. § 1983 unless Plaintiff can show that "a form of constitutional deprivation resulted from an official custom or policy, or alternatively, from the actions of an official with 'final authority to establish municipal policy.'"  <u>Taylor v. Plousis</u>, 101 F. Supp. 2d 255, 263-265, n.4 (D.N.J. 2000) (<u>quoting</u> <u>Pembaur v. City of Cincinnati,</u> 475 U.S. 469, 480-81 (1986)).

In order for a defendant to be held liable under such a

7

theory, a plaintiff must demonstrate that the government [or in this case the government's contractor] policy or custom caused the complained of injury.  Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694 (1974); see Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3d Cir. 2003).  As in the Taylor case, Plaintiff, in the instant case, has adduced no evidence of a policy or custom, enacted by CFG that resulted in the alleged deliberate indifference to the Plaintiff's medical needs.  In fact, Plaintiff's own brief admits that "Plaintiff cannot prove a custom[.]" (Pl.'s Br. at 6).  Plaintiff has also failed to introduce any evidence that any CFG official with final policymaking authority acted with deliberate indifference to her need for adequate medical care.  Thus, Plaintiff has failed to demonstrate that an issue of fact exists as to whether CFG can be held liable for the wrongs alleged, and Defendant is entitled to summary judgment with regard to Plaintiff's Eighth Amendment claims brought pursuant to Section 1983.[3]

---

[3] To the extent Plaintiff has asserted a claim for conspiracy to violate her Eighth Amendment rights it appears to have been abandoned.  There is no mention of said claim in Plaintiff's papers and Plaintiff has failed to set forth any evidence that Defendants named in the Complaint "reached an understanding to deny [plaintiff her] rights under § 1983." Kost v. Kozakiewicz, 1 F.3d 176, 187 (3d Cir. 1993)

c)  <u>Common Law Negligence</u>[4]

Finally, Plaintiff has asserted a claim for common law negligence in her Complaint.  Defendant CFG contends that any negligence or malpractice claims must be dismissed for Plaintiff's failure to file an Affidavit of Merit as required by N.J. Stat. Ann. 2A:53A-27.[5]  "The statute provides that a

---

[4] This Court could decline to exercise supplemental jurisdiction over the remaining state law claim now that it has dismissed all federal claims, see 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- (3) the district court has dismissed all claims over which it has original jurisdiction); see <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000)(upholding district court's decision to refuse to exercise supplemental jurisdiction over remaining state law claims).  However, this Court has not declined to do so here in the interest of judicial efficiency.  Plaintiff's case is woefully deficient of any evidence to support Plaintiff's claims and this Court should not burden any other court with Plaintiff's state claim of negligence.

[5] The statute states:

In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

9

plaintiff in a malpractice action 'must show that the complaint is meritorious by obtaining an affidavit from an appropriate, licensed expert attesting to the reasonable probability of professional negligence.'" Jackson v. Fauver, 334 F. Supp. 2d 697, 743 (D.N.J. 2004)(quoting Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 149-150, 836 A.2d 779, 782 (2003)).

Plaintiff fails entirely to respond to this argument and her brief in opposition to Defendant's motion does not discuss her negligence complaint.  Because Plaintiff has set forth no opposition and no Affidavit of Merit has been submitted, this Court will grant Defendant's motion.  See Horne v. United States, 223 Fed. Appx. 154, 156 (3d Cir. 2007)(finding that summary judgment was appropriately entered where plaintiff failed to provide the requisite affidavit of merit)(citing N.J. Stat. Ann. 2A:53A-29 (failure to provide affidavit of merit shall be deemed a failure to state a cause of action)); Local 825 v. Tuckahoe Sand & Gravel, 2007 U.S. Dist. LEXIS 44613 at * 29-30 (D.N.J. June 20, 2007)(collecting cases supporting the proposition that failure to oppose constitutes abandonment of a claim).

Moreover, to the extent Plaintiff has opposed this summary judgment motion, she has done so with mere bald allegations.  See e.g., "Plaintiff alleges that she did no receive proper medical care.  This is a genuine issue of material fact." (Pl.'s Br. at 3).  Plaintiff further states that the medical staff "did not

10

provide adequate services. . . [and] harassed [her] by 'losing' her x-rays, depriving her of a bed or wheelchair and forcing her to walk in a broken foot without a case." (Pl.'s Br. at 6). Plaintiff introduces no evidence to support her statements. Again, mere assertions are insufficient to survive summary judgment. S.E.C. v. J.W. Barclay & Co., 442 F.3d 834, 840 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

**Conclusion:**

For the aforementioned reasons Plaintiff has presented no triable issues of fact and the Defendant CFG is entitled to summary judgment. An appropriate Order will issue this date.


Dated: August 16, 2007          **s/Renée Marie Bumb**
                                RENÉE MARIE BUMB
                                UNITED STATES DISTRICT JUDGE